

45 Ottawa Avenue SW
Suite 1100
P.O. Box 306
Grand Rapids, MI 49501-0306

**MERITAS** LAW FIRMS WORLDWIDE

**JAMES BUSTER**
Attorney at Law

616.831.1770
616.988.1770 fax
busterj@millerjohnson.com

July 22, 2026

**VIA USDC ELECTRONIC FILING SYSTEM**

United States District Court
Eastern District of Michigan
Attn: Clerk of the Court

       Re:    Cory Brooks v Deputy Jeremy Yono
               4:23-cv-012238

Dear Clerk,

Pursuant to the Court's instruction during Defendant's Motion for Summary Judgment hearing held today, following is a supplemental filing to Defendant Jeremy Yono's Motion for Summary Judgment (ECF No. 33), which contains the plea hearing transcript of Plaintiff, Cory Brooks in 14B District Court Case No. 22S-00745 held on December 22, 2022. Thank you.

       Sincerely,

       MILLER JOHNSON

       By

       James Buster
       Attorney at Law

# SUPPLEMENT TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ECF #33

# 4:23-cv-12238

STATE OF MICHIGAN

14B JUDICIAL DISTRICT COURT (YPSILANTI TOWNSHIP, MICHIGAN)

THE PEOPLE OF THE STATE OF MICHIGAN,

v                                                    File No.22S-00745

CORY BROOKS,

       Defendant.

_____/

PLEA HEARING

BEFORE THE HONORABLE ERANE C. WASHINGTON, DISTRICT JUDGE

Ypsilanti Township, Michigan – Thursday, December 22nd, 2022

APPEARANCES:

| | |
|---|---|
| For People: | MR. KYLE BREDELL (P81852) |
| | Assistant Prosecuting Attorney |
| | Washtenaw County Prosecutor's Office |
| | 200 North Main Street |
| | Ann Arbor, Michigan  48104 |
| | (734) 222-6620 |
| | |
| For Defendant: | MR. BRANDON JANSSEN (P78132) |
| | Since Disbarred |
| | |
| RECORDED BY: | Ms. Heather Ball, CEO-15621 |
| | Certified Electronic Operator |
| | 14B District Court |
| | Ypsilanti Township, Michigan  48197 |
| | 734.483.5300 |

TRANSCRIBED BY:          Ms. Shannon Straub, CER-9674
                         Certified Electronic Recorder
                         Freelance Transcriptionist
                         Wayne, Michigan  48184
                         (734) 512-9447

TABLE OF CONTENTS

WITNESSES:        PROSECUTION                                    PAGE

NONE

WITNESSES:        DEFENSE

NONE

EXHIBITS:                                MARKED              RECEIVED

       NONE

Ypsilanti Township, Michigan

Thursday, December 22nd, 2022 - 11:30 a.m.

THE COURT:  The Court will call the case of *The State of Michigan versus Cory Brooks*, 22S-00745.

MR. BREDELL:  Kyle Bredell for the People.

MR. JANSSEN:  Brandon Janssen on behalf of defendant Cory Brooks.

THE COURT:  Thank you.  You're here for a final settlement conference today.

MR. JANSSEN:  That is correct, your Honor.  I did speak with my client, and if I could just have a quick breakout with Mr. Bredell; I think we did reach a plea agreement in this matter, I just need to confirm with Mr. Bredell.

THE COURT:  Since we don't have anything else ready to go right now, we'll do that.  But that's not typically what we do, put people in breakout rooms with the prosecutor, because we don't have the ability to do that and keep the docket moving.  But, the docket's not moving anyway, so I'll give you that opportunity at this time.

MR. JANSSEN:  Thank you very much, your Honor.

MR. BREDELL:  Thank you, Judge.

THE COURT:  All right.  The Court will call *The State of Michigan versus Cory Brooks* again, 22S-00745.

MR. BREDELL:  Kyle Bredell for the People.

4

MR. JANSSEN:  Brandon Janssen appearing on behalf of the defendant, Cory Brooks.

Cory, can you please state your name?

DEFNDANT:  Cory Brooks.  There's no E in my first name.

THE COURT:  Okay, thank you, sir.

DEFENDANT:  You're welcome.

MR. BREDELL:  So, your Honor, we are here for final settlement conference.  I spoke with attorney Janssen and it appears we have come to a resolution.  So, Mr. Brooks is going to plead as charged, with a deferred sentencing.  It's my understanding that Mr. Brooks is interested in entering Veteran's Court, and so what I was gonna [sic] suggest we do here today is we enter the plea, adjourn it out some time to get him screened and then entered into Veteran's Court; if he's accepted, great, we'll do Veteran's Court.  If he is not accepted, Mr. Brooks can still have the benefit of the bargain, and be sentenced to regular probation.

THE COURT:  So, he's gonna [sic] plead as charged and be placed into the deferred program, either way, whether he's accepted into the Veteran's program or not.  Is that my understanding?

MR. BREDELL:  Yes, Judge.

MR. JANSSEN:  That's my understanding, as well, you Honor.  And there's no reason I can think of, speaking with

5

the people over at Veteran's Court and with Mr. Bredell, that Mr. Brooks would not be accepted into the Veteran's Court program.

THE COURT:  Thank you.  Not related to this matter, but there was a Maureen Monsour who was just let into the courtroom.

All right.  Sir, would you raise your right hand to be sworn?

Do you swear or affirm that the testimony you're about to provide will be the truth, the whole truth, and nothing but the truth, so help you God?  And you need to unmute, sir, to say that.

DEFENDANT:  Yes, your Honor.  I do.

THE COURT:  Thank you.  All right, sir.  You heard the plea agreement that was placed on the record.  The charge in this case is Attempted Police Officer-Assaulting/Resisting/Obstructing.  The is a misdemeanor carrying a maximum penalty of one year and/or one thousand dollar fine plus Court costs.  Do you understand that, sir?

DEFENDANT:  Yes, ma'am.  Yes, your Honor.

THE COURT:  If you plead to that, you'll be placed in a deferred program, and you will be sent over to the Veteran's Court to see if you will be able to participate in their program over there.  And if not, you still will get the deferred.  You understand that, sir?

6

DEFENDANT: Yes, your Honor.

THE COURT: All right. I'm gonna [sic] go over some rights you have that you're gonna [sic] be giving up by entering into this plea. Stop me if you have any questions, or if you feel like you need to speak with your attorney additionally, okay?

DEFENDANT: Yes, your Honor.

THE COURT: You have the right to have a trial by jury, we're here today to determine whether or not you're gonna [sic[] go forward with jury selection on January 6th. In addition to that, you would be able to call witnesses to be able to speak for you at that trial, and I can provide you with an order requiring that they come to Court. In addition, you could see, hear, and question any and every witness that was called by the Prosecuting Attorney. And, you could be witness for yourself, or you could choose to remain silent. And if you chose to keep silent, the Prosecutor could not comment on that. Do you understand those rights, sir?

DEFENDANT: Yes, your Honor.

THE COURT: You also have the right to be presumed innocent until proven guilty beyond a reasonable doubt. You understand that by entering into this plea agreement, you're gonna [sic] give up each and every right that you have in this particular case, and there won't be a trial of any sort.

7

DEFENDANT:  Yes, your Honor.

THE COURT:  And there's no automatic right to appeal this decision, sir.  So, what that means is the Circuit Court, which is the Court that we get appealed to, does not freely give leave-which is what you would need to appeal-and they don't freely do that.  So, in all likelihood, this decision is going to stick with you.  Do you understand that part, sir?

DEFENDANT:  Yes, ma'am.

THE COURT:  All right.  And if you are on probation, parole, or bond, at the time you committed this offense on April the 27th of 2022, then you could be considered on violation of that.  I—are you on any of those?

DEFENDANT:  Yes, your Honor.

THE COURT:  If you're not a US citizen, then this could have immigration consequences.  Are you a US citizen?

DEFENDANT:  Yes, your Honor.

THE COURT:  All right.  To the charge of Attempted-Police Officer Assaulting and Resisting and Obstructing, how do you plead?

DEFENDANT:  Guilty, your Honor.

THE COURT:  And has anyone promised you anything other than what was paced on this record to get you to plead guilty?

DEFENDANT:  No, you're Honor.

8

THE COURT:  All right.  Let's turn to the date of offense.  On April 27th, 2022, were you in the vicinity of Holmes Road and East Michigan Avenue, here in Ypsilanti Township here, sir?

DEFENDANT:  Yes, your Honor.

THE COURT:  And at that time, did you come into contact with a Deputy Yono?  From the Washtenaw County Sheriff's Department?

DEFENDANT:  Yes, ma'am.  At the gas station.

THE COURT:  And at that time, did you fail to execute one of his orders or commands or engage in some type of combative behavior with him?

DEFENDANT:  I was pulled over, it was Resisting Arrest.

THE COURT:  What did you do, sir?

DEFENDANT:  Ao, I pulled up to pump five, and by the time I got out of the vehicle, he was already coming at me.  Threw me up to the door, threw me down on the ground. So, I'm a disabled veteran, and I have problems with my lower back, and I told them that.  So, I gave up my body, he threw me down—he got a couple of cuts on his knuckles and that's why we're here.

THE COURT:  All right.  I don't think we've made out a factual basis for this plea.

MR. BREDELL:  Judge, perhaps—

9

MR. JANSSEN:  Judge, just looking over the video, the officer requested Mr. Brooks to put his hands behind his back and stop resisting at that time—

THE COURT:  You're free to voir dire him to that, but I can't just go on what you're saying.  You can ask him those questions and if he admits to that, that's one thing.  But that's not what he's saying right now.

MR. JANSSEN:  All right.  May I, your Honor?

THE COURT:  You may.

MR. JANSSEN:  Mr. Brooks, on the date of the incident, April 22nd, 2022, were you pulled over by a police officer?

DEFENDANT:  Yeah [sic].

MR. JANSSEN:  And at that time, did he request for you to put your hands behind your back in order to be detained and handcuffed?

DEFENDANT:  Yes.

MR. JANSSEN:  And at that time, did you refuse in any way to put your hands behind your back so they could cuff you?

DEFENDANT:  I did not.

MR. JANSSEN:  On the date of the incident, did you resist the officer's attempt to detain you in any way?

DEFENDANT:  I did not.

MR. BREDELL:  Your Honor, perhaps there's a lack of recollection here?  The People would accept a no contest plea.

THE COURT:  I'm not willing to accept a no contest plea.  He just clearly laid out what he remembered, and so, unless there's some basis for him drinking or something like that that would impair his recollection, I'm not willing to accept a no contest plea [sic].  He's very clear, he didn't do this.

MR. JANSSEN:  Your Honor, just reviewing the video and all the evidence in this case, and I have spoken to my client, this is the deal that we essentially agreed to.  I don't think he lacks recollection in this matter, I think he just feels—

THE COURT:  That he didn't do it,  so he's trying to plead guilty, and I'm not gonna [sic] accept a no contest plea, so it sounds like we're having a trial.

MR. JANSSEN:  It sounds like it, your Honor.

THE COURT:  Do you want time to talk to your client?

MR. JANSSEN:  Yes, if I may.

THE COURT:  You may.  You'll both be placed into the breakout room.  All right.

We can't call any additional cases until Mr. Banas comes out of the breakout room.

Okay, the Court is back in session and is recalling *The State of Michigan versus Cory Brooks*, 22S-00745.

MR. BREDELL:  Kyle Bredell for the People.

MR. JANSSEN:  Brandon Janssen for the defendant, Mr. Brooks.  We did have time to discuss this matter in a breakout room, and we are prepared to go forward with the plea deal that we had agreed to with Mr. Bredell.

THE COURT:  Thank you.

Sir, you're still under oath.

DEFENDANT:  Yes, your Honor.

THE COURT:  Mr. Janssen, I'll let you voire dire your client.

MR. JANSSEN:  Mr. Brooks, on April 22nd, 2022, were you pulled over by a police officer in Washtenaw County?

DEFENDANT:  Yes, it was a Sheriff.

MR. JANSSEN:  And on that date, did you, in any way, resist or--resist the commands by the officer, in trying to put you under arrest [sic]?

DEFENDANT:  When I was taken to the ground, I squirmed a couple times.  So, yes, I did.

MR. JANSSEN:  Okay.

Judge, are you satisfied?

THE COURT:  I'm thinking.

At the time you were squirming, sir, did the officer tell you to be still?

DEFENDANT:  Yes.

THE COURT:  All right.  And you did not?

DEFENDANT:  Correct.

THE COURT:  I find that there's a factual basis for the plea, that it has been willingly and knowingly made.

Are you satisfied, Mr. Bredell?

MR. BREDELL:  Yes, Judge.  The People are satisfied.

THE COURT:  Thank you.  Sentencing in this case will be on January the 19th, 2023.  That's five weeks. Hopefully that'll be enough time in the first three weeks for you to get interviewed by the Veteran's Court.  And then, if you haven't been successful with that, you should reach out to the probation department.

Is there gonna [sic] be a referral form that is sent over so that we can send this over?

Do you have a referral form--I think you generate it, don't you Mr. Bredell?

MR. BREDELL:  To be honest, Judge, I'm not sure.  I think all the treatment courts have a little different procedure.  Let me see if I have a form.  I'm not sure if this one needs a form, Judge, so I would ask Mr. Janssen to contact the Vet's Court, and if they need something from me I'll do it immediately, as soon as I get word from him and what he's doing with his client.

13

MR. JANSSEN:  So--

THE COURT:  I'll sign any form that's needed for the referral.

MR. JANSSEN:  Your Honor--speaking with the people over at Veteran's Court--I believe I will need something from Mr. Bredell, but we've been communicating via email, so I'll get in touch with them today, and if I just need a quick email or something signed by Mr. Bredell to get Mr. Brooks over to Veteran's Court, I think we'll be able to accomplish that before January nineteenth's sentencing date.

THE COURT:  Thank you very much.  So, I think I'm gonna [sic] give you the phone number for probation, still, I think you were on here so hopefully you wrote that down. Contact probation, as well, so that they can make sure they're in the loop as to what's happening regarding this case.  734.483.7336.  All right.  Thank you.

MR. JANSSEN:  Thank you, Judge.

(At 11:49 a.m., proceedings concluded)

14

I certify that this transcript, consisting of 15 pages, is a complete, true, and correct transcript of the plea taken in *The State of Michigan versus Cory Brooks* on Thursday, December 22nd, 2022.

Date: April 27th, 2025

*Shannon Straub*

_____

Shannon Straub, CER-9674
Certified Electronic Recorder
Freelance Transcriptionist
Wayne, Michigan  48184
(734) 512-9447